Mary Frances **BUCKLER**, Appellant,

v.

Jack Moore **BUCKLER**, Jr., et al., Appellees.

No. 16863.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 29, 1967.

Rehearing Denied Feb. 2, 1968.

Lancaster Smith, and Harvey L. Davis, Dallas, for appellant.

Cantey, Hanger, Gooch, Cravens & Scarborough, and R. Daniel Settle, Fort Worth, for Jack M. Buckler, Jr.

Weeks, Bird, Cannon & Appleman, and Ben Bird, Fort Worth, for the Trustees of The Walker-Buckler Trust, and The Alice Walker Testamentary Trust.

## OPINION

MASSEY, Chief Justice.

This is a divorce case. The appeal attacks the court's judgment as applied to the distribution of property.

Primarily, the question posed is whether the divorced wife is entitled to have considered as community property the undistributed income accumulated in what in substance constituted "spendthrift trusts" created in behalf of the divorced husband. In the findings set forth in the judgment the trial court made it clear that in connection with the distribution made of the property of the parties he was excluding the undistributed income from said trusts on the theory and by reason of a holding that such constituted no part of the community property.

If the law of Texas is as it was declared to be in the case of McClelland v. McClel-

land, 37 S.W. 350 (Tex.Civ.App., 1896, writ ref.) the trial court was correct in its holding. It was there held, in a divorce case presenting the identical question, that undistributed trust income was not community property where the trustee had the right to withhold it from the trust beneficiary because of provision to such effect in the trust instrument.

In 1896 the notation "writ refused" by the Supreme Court meant that said court approved the result reached by the Court of Civil Appeals of Texas but did not necessarily approve the opinion; or it might not even mean approval of the result reached where error was not preserved and presented to the Supreme Court. It is, however, inconceivable that the matter here under consideration was not made a point of error before the Supreme Court in that case.

The language appearing on page 358 of the opinion in the McClelland case is paraphrased in appellees' brief to demonstrate the application of the holding to the parties to this suit as follows: " '* * * If the income arising from the estate was not available to (Appellee Buckler) and could not be reached by him, the right of (Appellant) would be no greater than his, and she would not be allowed to work out and enjoy a right in his estate that was denied him. It is not the purpose and object of the statutes that create the community interest of husband and wife in property to prevent (Alice Walker) from making a disposition of (her) property either upon conditions and trusts which limit the right of (Appellee Buckler), or restrict his interest in (her estate) to a limited extent, and define what its character shall be. This is the right of (Alice Walker). The law did not impose upon (her) the duty of devising and bequeathing (her) property to (her grandson), and when (she) elected to do so (she) had the authority to determine what interest in (her) estate (Appellee Buckler) should enjoy; and, having defined this interest, (Appellant), by force of the

community statutes, could not exceed and extend it. * * *' "

Here, as in McClelland v. McClelland, the terms and provisions of the trusts created in behalf of appellee Buckler so restricted and defined his rights and interests as to exclude his entitlement to undistributed income which the trustees had not seen fit to deliver to him.

Quoting from the brief of the appellant we find her position stated, as follows: "The court below based its judgment on the case of McClelland v. McClelland, 37 S.W. 350 (Court of Civil Appeals of Texas, 1896, error refused). It is submitted that this case has been indirectly overruled by Arnold v. Leonard (114 Tex. [535] 538, 273 S.W. 799, 1925) and the many cases following Arnold v. Leonard. The case at bar may be the first case since McClelland v. McClelland where an appellate court has a record directly presenting the question of the nature of income arising from the corpus of a discretionary trust in a divorce action. A probable reason for this is that in most divorce cases the division of the marital property is made within the concept of the judicial discretion of the trial judge.

"The reasoning in McClelland v. McClelland has been repudiated. The old Court of Civil Appeals of Texas held that even the income, created from the corpus of the trust during the marriage, and distributed by the trustees to the husband during marriage was not community property. At page 359 the court stated: ' * * * In this connection we will take occasion to say that the wife is not entitled to any interest in the amounts received by appellant Mc-Clelland from the executors, because these amounts were his separate property devised to him by the will, in which the wife had no community interest.'

"The court was incorrect in this conclu sion. The only separate property devised to McClelland by the will was the corpus of the trust in which he received the vested beneficial interest. The income that arose

from the trust corpus was not a devise because that income was not in existence at the time of the death of the settlor of the trust. There cannot be a gift or a devise of property that is not in existence. Chandler v. Alamo Manufacturing Company, 140 S.W.2d 918 (Tex.Civ.App.1950). The law is conclusively settled by many cases holding that income distributed by trustees to the married beneficiary is community property. Golden [Colden] v. Alexander, 141 Tex. 134, 171 S.W.2d 328 (1943)."

■ Arnold v. Leonard held that property acquired during marriage other than as the result of gift, devise or descent necessarily could not be part of the separate estate, in view of the Texas Constitution, and hence would have the character of community property. The decision does overrule a portion of the holding in Mc-Clelland, but it does not overrule the holding which is material to the question before us. As to such the Supreme Court, which disposed of the application for writ of error in McClelland by the notation "writ refused", has not had occasion to reconsider the decision therein made. It is not the province of a Court of Civil Appeals to anticipate that the Supreme Court would, if afforded the opportunity, reverse itself as applied to a prior holding it has made. We are bound by the prior holdings of that court, specific or construable.

Remaining would be a single point of error. It reads as follows: "The trial court erred in awarding the diamond and platinum lady's lapel and pendant watch to defendant Jack M. Buckler, Jr., because the uncontradicted evidence is that Jack M. Buckler, Jr., gave the watch to Mary Frances Buckler and therefore the watch became her separate property."

■ We overrule the point of error. The division of the properties in divorce actions is lodged in the discretion of the trial court. Only a flagrant abuse of such discretion would warrant an appellate court

in disturbing the judgment of the trial court. In the disposition of property the appellant received property valued at $26,199.89, plus $6,000.00 as attorneys' fees, while appellee received property valued at $21,299.86.

We hold that there was no abuse of discretion on the part of the trial court in awarding the watch to the appellee in the distribution of property upon entry of the decree of divorce. Nothing about the watch held intrinsic value to appellant. Clearly its award to her would have resulted in corresponding value deduction of her portion of other property apportioned. All points of error are overruled and the judgment of the trial court affirmed.

Affirmed.