Mary Helen **CURRIE**, Appellant,

v.

John Garner **CURRIE**, Appellee.

No. 15362.

Court of Civil Appeals of Texas, San Antonio.

Dec. 31, 1974.

Rehearing Denied Jan. 29, 1975.

Matthews, Nowlin, Macfarlane & Barrett, John N. McCamish, Jr., F. W. Baker, Jon C. Wood, San Antonio, for appellant.

Joe Frazier Brown, San Antonio, Ronald Emmett Harris, Kessler, Nichols & Harris, Uvalde, for appellee.

BARROW, Chief Justice.

This is an appeal from a judgment entered after a non-jury trial wherein appellant's petition for dissolution of the marriage was granted and she was appointed managing conservator of the two minor children. Appellant asserts on this appeal that the property division is inequitable, the child support provisions are inadequate and the trial court failed to award her reasonable attorney's fees and necessary trial expenses.

Appellant and appellee were married on December 28, 1963, and separated on April 9, 1972. Two children were adopted during the marriage: John Quin Currie, who was born on March 15, 1968, and James Drew Currie, who was born on May 28, 1971. Appellant filed suit for divorce on April 12, 1972, in Uvalde County, but this suit was dismissed and re-filed in Bexar County on October 16, 1972. The judgment was signed on April 16, 1974. Appellee was ordered to pay child support of $200.00 per month per child until April 1, 1976, and thereafter, $250.00 per month until each child attained the age of 18 years. Appellee was also ordered to pay appellant's attorneys the sum of $15,000.00 plus $3,000.00 if the case was appealed to this Court, and an additional $3,000.00 if an application for writ of error was filed in the Supreme Court.

The thrust of appellant's complaints on this appeal relate to the property division and specifically to the trial court's action in awarding appellee, as his separate property, his undivided one-third interest in trusts created by the wills of appellee's great-grandfather, John Nance Garner, and appellee's grandfather, Tully C. Garner. Such interests had a valuation of approximately $1,300,000.00. In addition, appellee was awarded all interest in his teacher's retirement fund which had a value of

about $4,200.00. Appellant was granted the sum of $50,000.00, evidenced by a promissory note to be signed by appellee, payable in 125 equal monthly installments, bearing interest at the rate of six percent per annum. The parties owned no real estate, and the relatively small amount of personalty accumulated during the marriage was granted to the party possessing it, subject to any indebtedness.

While recognizing that appellee's interest in these two trusts were inherited by him and thus are his separate property, appellant urges that all undistributed income earned by the trusts during the marriage is a part of the community estate.[1] In addition, she urges that the community estate is entitled to be reimbursed for sums expended from income earned by the trust during the marriage to maintain and preserve the corpus of trust.

Since the terms of each trust differ in some respects, we must consider them separately. The will of John Nance Garner, Deceased, was admitted to probate on November 27, 1967. With the exception of several specific bequests which are not material here, all of his property was devised to the trustee to hold, manage and control in accordance with the terms of the trust created by said will. The net income from the estate is to become a part of the corpus. When the oldest child of testator's granddaughter, Genevieve Garner Currie, became 21 years of age, the corpus, including any net income which had been added thereto, was to be divided into as many separate trusts as there were then surviving children of his grandchildren. As each such beneficiary became 21 years of age, the trustee was to pay $25,000.00 in cash or the equivalent in property to such child. Thereafter, the trustee could from time to time make such additional distributions when in the trustee's "uncontrolled discre-

---

1. The question of whether income earned by a trust during marriage is community or separate property is considered in the following articles: Newman, Income Distributions from Trusts, 29 Texas Bar Journal 449 (1966); Davis, Income Arising from Trusts during Marriage is Community Property, 29 Texas Bar Journal 901 (1966); Counts, Trust Income—Separate or Community Property?, 30 Texas Bar Journal 851 (1967).

tion" such child beneficiary attained sound discretion and good business judgment. If any child of testator's granddaughter dies before receiving all of its distribution the trustee is directed to set up a trust fund for said child's issue, and if none, to distribute the corpus of such child's trust to the other surviving children of testator's granddaughter. The trustee is expressly granted full discretion to determine what constitutes net income and is specifically granted discretion to determine the amounts needed to preserve, repair, or otherwise protect the principal and to determine the allocation of receipts and disbursements between income and principal as the trustee deems to be in the best interest of the trust estates.

Appellee is the oldest of three children of Genevieve Garner Currie and he became 21 years of age in 1969. The $25,000.00 was distributed to him, as well as the sums of $15,000.00 in 1969, $9,500.00 in 1970, and $10,000.00 in 1971. Most of such sums were lost in unsuccessful stock market investments. The executor-trustee is Hon. D. W. Suttle, and he testified that his practice has been to distribute the income that was available after payment of the annual installment due to the Internal Revenue Service for the estate tax, and the expenditures necessary for maintenance of the property and current taxes. He testified that the only income he has retained is a small reserve for contingent expenses. He anticipates making full distribution to the beneficiaries if all three are still surviving after 1979 when the IRS is paid in full.

The annual tax returns filed on behalf of the John Nance Garner estate were introduced into evidence and appellant urges that one-third of the income earned by the trust estate during the marriage was community property of appellee and appellant, and that the trial court should have awarded her one-half of any of such income which was not distributed.

Since there is little undistributed income on hand, her principal contention on this appeal is that the community estate is entitled to be reimbursed for the estate taxes which have been paid in annual installments from income earned by the trust estate. Judge Suttle testified that he made an agreement with the IRS whereby the estate taxes were to be paid in annual installments. He testified that this was advantageous to the estate because of the low rate of interest charged by IRS. The estate taxes totaled $237,177.99, and it is apparent that the only alternative would have been to have sold off enough of the real estate to pay such sum.

█ The will of John Nance Garner expressly provides that the Federal Estate taxes "be paid in the sole discretion of my Executors out of either the corpus or income or such part of each as my Executors shall determine." Thus, the trustee was fully authorized to pay the estate taxes in annual installments from income earned by the trust estate. Such payment, as well as the expenditures for current expenses, would be paid before any sum would accrue to the child beneficiaries. Since appellee would not have any claim to such income other than an expectancy interest in the corpus, it cannot be said that the community estate would acquire any interest. The trial court properly refused to consider income earned by the John Nance Garner trust during appellant and appellee's marriage as being a part of their community estate.

Tully C. Garner's will was admitted to probate on October 21, 1968. Under the terms of this will a trust was created somewhat similar to the John Nance Garner trust, but with one important distinction. After deducting the expenses of the trust, all net income was to be paid by the trustees to testator's daughter, Genevieve Garner Currie, during her lifetime. On her death, the corpus was to be divided into separate trusts for her surviving chil-

dren for such beneficiary's support and maintenance until the beneficiary reached 21 years of age when such separate trust would be distributed to such beneficiary if surviving.

Appellant urges that the accumulated net income which has not been spent by the life beneficiary should be considered as community earnings of appellant and appellee. This contention is without merit in that, under the express terms of Tully C. Garner's will, appellee is not entitled to receive any income or corpus from this estate unless and until he survives the life beneficiary. Since she is still living, appellee has not received anything from the Tully C. Garner trust. Therefore, the trial court properly concluded that the community estate of appellant and appellee was not entitled to any part of the income owned by the Tully C. Garner trust estate.

It is well established that under Article 3.63 of the Tex.Family Code Ann. (1973), V.T.C.A., as well as the antecedent statute, the divorce court is given wide discretion in making a division of the estate of the parties, and the cause will be reversed only where there is a clear abuse of discretion. Bell v. Bell, Tex., 513 S.W.2d 20 (1974; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923); Cooper v. Cooper, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); In re Marriage of McCurdy, 489 S.W.2d 712 (Tex. Civ.App.—Amarillo 1973, writ dism'd). In the exercise of this discretion, the court may consider, among other things, the age and physical condition of the parties, their relative need for future support, fault in breaking up the marriage, benefits the innocent spouse would have received from a continuation of the marriage, the size of the estate and the relative abilities of the parties. Wilkerson v. Wilkerson, 515 S.W.2d 52 (Tex.Civ.App.—Tyler 1974).

Here the parties stand on almost equal footing in every respect save and except for appellee's remainder interest in the trusts created by his great-grandfather and grandfather. The age, physical condition, education, and earning potential of appellant and appellee are relatively close. Both parties must fully share in the break-up of the marriage. The separate property of appellee should not be awarded to appellant merely to equalize their comparative wealth. Cooper v. Cooper, supra. We conclude from this record that the trial court did not abuse its discretion in the division of the community estate of the parties.

Appellant's complaints regarding the amount of child support and the amount of attorney's fees appellee was ordered to pay are largely predicated on her heretofore overruled contention that the community estate had a substantial interest in the two trusts. In any event, a review of the record demonstrates that the trial court did not abuse its discretion in either respect. Appellant testified that her total monthly expense at the present time is $820.00. She earns $560.00 to $580.00 per month. She planned to remarry as soon as the divorce was granted which should improve her own financial situation. Although the evidence on attorney's fees was sharply conflicting, there was expert testimony that a reasonable attorney's fee for the services rendered appellant by her attorneys is between $12,500.00 and $15,000.00 with an additional $2,500.00 for each appellate level. This testimony fully supports the judgment of the trial court.

Appellant complains also of the refusal of the trial court to award any sum for her expert witness and accounting fees. Appellant employed a real estate appraiser to arrive at the value of the three ranches which constitute the major part of the two trusts. The appraiser did not actually go on any of the ranches but formed his opinion as to the valuation per acre from an air view and by looking at the land from adjoining roads. Nevertheless, he testified that a reasonable appraisal fee would be $2,000.00 per ranch. Appellee's interest in

these ranches was unquestionably separate property and appellee asserts that the appraisal expense was unnecessary. Appellant also incurred a small expense by employing an actuary to testify as to the value of appellee's remainder interest in the Tully C. Garner trust. There is no statutory authority under which a party may recover her expenses for witness fees unless same be incident to attorney's fees. Taormina v. Culicchia, 355 S.W.2d 569 (Tex. Civ.App.—El Paso 1962, writ ref'd n. r. e.) ; Cf. Schreiner v. Schreiner, 502 S.W.2d 840 (Tex.Civ.App.—San Antonio 1973, writ dism'd). We cannot say that the trial court abused its discretion in refusing to reimburse appellant for such trial expenses.

Appellant does not demonstrate any harm in her contention that the trial court erred in severing the trustee and other trust beneficiaries from this case, and therefore, it is unnecessary to consider this proposition. All other assignments of error are overruled.

The judgment of the trial court is affirmed.