**In the Matter of the MARRIAGE OF Bill C. BURNS and Barbara A. Burns.**

No. 8588.

Court of Civil Appeals of Texas, Texarkana.

Sept. 19, 1978.

Rehearing Denied Oct. 24, 1978.

James F. Gaulding, Dallas, for appellant.

Lee Sellers, Prothro & Sellers, Wichita Falls, for appellee.

ODEN, Justice.

The appeal has been perfected from that portion of the divorce decree which divided the property of the parties.

On May 25, 1974, Barbara A. Burns and Bill C. Burns were married. Mrs. Burns had no appreciable separate property at that time; however, Mr. Burns was then the beneficiary of several trusts each of which owned substantial assets. Mr. Burns' parents both died during the marriage of the parties and Mr. Burns is the beneficiary of a testamentary trust established by the terms of each of their wills. These trusts were unfunded at the time of trial, but will be funded with substantial assets at some future date. The parties were divorced on May 13, 1977, at which time the trial court, without jury assistance, made an approximately equal division of the property which was then subject to the dominion and control of the parties. Mrs. Burns, who is appellant herein, alleges that the undistributed income of the trusts and estates which was earned during the marriage is community property and that the trial court erred in failing to consider such undistributed income as community property in arriving at the property division or, if considered as community property, abused its discretion by awarding Mr. Burns approximately 90% of the community estate. Mrs. Burns concedes that the corpus of the trusts and estates is Mr. Burns' separate property. She further concedes that she is not entitled to any interest in Mr. Burns' separate property under the circumstances and her complaint on appeal is predicated on her assumption that the undistributed income of the trusts and estates which was earned during the marriage is community property.

Mr. Burns was the beneficiary of six trusts at the time the marriage was dissolved. His parents and grandparents were the settlors of three of these trusts. He was the settlor of the other three. All trusts came into existence prior to the marriage with the exception of one which was established and funded by Mr. Burns three months after the marriage with funds which were admittedly his separate property. Mr. Burns was not the trustee of any of the trusts. The three trusts funded by Mr. Burns' relatives were "spendthrift trusts" in that their assets were not subject to alienation, attachment or assignment by Mr. Burns or his creditors. The remaining three trusts did not contain "spendthrift"

provisions. Five of the trusts were "discretionary trusts" in that the trustee or trustees could either withhold or distribute the income and/or corpus at their sole discretion. The remaining trust did not contain a provision for either discretionary or periodic distribution of income and/or corpus, but rather directed that the corpus and accumulated income would be distributed to Mr. Burns on May 28, 1982.

In addition to the six trusts above described, Mr. Burns was the beneficiary of a testamentary trust established under the wills of each of his parents. As stated, Mr. Burns' parents both died during the marriage of the parties. The testamentary trusts were not funded at the time of the divorce; however, the wills under which they were established had been probated. The testamentary trusts were both "spendthrift trusts" and "discretionary trusts." Mr. Burns was not the trustee of either testamentary trust created by his parents.

Mrs. Burns does not suggest that any of the trusts or estates were created, funded or operated in fraud of her rights nor does she suggest that such entities are the alter ego of Mr. Burns for any reason such as his having constructive control over their assets by virtue of his relationship with the trustees. Under these circumstances, it is incumbent upon us to determine whether or not the undistributed income earned by these entities during the marriage is community property. If it is community property, we must then determine if the trial court considered it as such in dividing the property, and, if so, if it abused its discretion in the manner in which the property was divided. If it isn't community property, we must affirm because Mrs. Burns does not claim any interest in Mr. Burns' separate property.

It was held in *Buckler v. Buckler*, 424 S.W.2d 514 (Tex.Civ.App. Fort Worth 1968, writ dism'd), that undistributed trust income was not community property where the trustee had the right to withhold it from the trust beneficiary. *Currie v. Currie*, 518 S.W.2d 386 (Tex.Civ.App. San Antonio 1974, writ dism'd), held that undistributed income in a trust estate is not community property where the beneficiary does not have a claim to such income other than an expectancy interest in the corpus. We agree with each of these decisions, but to some extent they are distinguishable from the case. It was discretionary with the trustee in the *Currie* case, supra, whether to pay certain expenses out of either the income or the corpus of the trust and for that reason it was uncertain therein whether any income would be available for the beneficiary. Such a situation does not here exist. The trust in the *Buckler* case, supra, was a "spendthrift trust" while three of the trusts in question do not contain provisions which prohibit alienation, assignment or attachment of the assets by either Mr. Burns or his creditors. Neither case considered whether income earned by the estate of a decedent was community property.

We feel that the determination of whether the undistributed income earned during a marriage by either a separate property trust or estate should be characterized as community property is governed by Section 5.01(b) of the Texas Family Code which provides:

> "Community property consists of *the property*, other than separate property, *acquired by either spouse* during marriage." (Emphasis added.)

It is unquestioned but what *the property* in question is income and thereby would normally be characterized as community property; however, the issue presented for our determination is whether *the property was acquired by either spouse* during the marriage. By definition, the undistributed trust and estate income had not been distributed to Mr. Burns nor did he have a present or past right to require its distribution so as to compel a finding that there was a constructive acquisition. The income was actually acquired by the trusts and estates and not by either Mr. or Mrs. Burns. As stated, there was no constructive acquisition. Since neither spouse actually or constructively acquired the undistributed trust and estate income during the marriage, such income, though earned during the

marriage, remained a part of the respective trust or estate and was not subject to division by the court. Such income was not community property.

We have reviewed appellant's other points of error and appellee's crosspoint and find them to be without merit. They are accordingly overruled.

The judgment of the trial court is affirmed.