Charles M. MOORE, Plaintiff–Respondent,

v.

Melanie D. MOORE, Defendant–Appellant.

No. 24650.

Missouri Court of Appeals, Southern District, Division Two.

June 30, 2003.

Motion for Rehearing or Transfer to Supreme Court Denied July 22, 2003.

Application for Transfer Denied Aug. 26, 2003.

John P. Heisserer, Rice, Spaeth, Heisserer, Summers & Remley, Cape Girardeau, for appellant.

Richard G. Steele, Bradshaw, Steele, Cochrane & Berens, Cape Girardeau, for respondent.

JOHN E. PARRISH, Judge.

Melanie D. Moore (wife) appeals the determination in a dissolution action that certain trust assets were separate property of Charles M. Moore (husband). This court affirms the dissolution judgment in part, reverses it in part, and remands.

Husband, as settlor, established the Charles Matthews Moore Irrevocable Trust (CMMIT) November 25, 1984.[1] Husband is the beneficiary of that trust. The trustees are James H. Moore and Dorothy Moore, husband's parents. Initially, the trust was funded with assets distributed to husband as beneficiary of another trust.

Husband and wife married in 1989. After that date, husband's parents conveyed a 308–acre farm to the trust as a gift. In addition, the trust purchased 837 acres of farm property from husband's parents.[2] The purchase price for the 837 acres was $614,150. A down payment of $14,150 was paid by the trust. The balance of the purchase price was represented by a promissory note on behalf of the trust that required ten annual installment payments in the amount of $89,417.69 each. At the time of the dissolution trial, nine of the ten installment payments had been made. The funds used to make those payments were generated by trust income.

The CMMIT instrument provides that the trustees can terminate the trust after husband attained age 25. It further provides that at age 35, or anytime thereafter, husband has the option to terminate the trust, but in any event the trust will terminate upon husband attaining age 50, at which time both principal and income shall be paid and distributed by the trustees to the beneficiary free and discharged from the trust. The trustees did not terminate the trust when husband reached age 25. Husband was 35 years old March 13, 1998. At the time of trial, he had not exercised his right to terminate the trust.

The trial court entered judgment dissolving the marriage and awarding custody of the parties' three children. Husband and wife were awarded joint legal custody. Husband was awarded "primary physical custody" and wife was granted visitation as provided by a parenting plan prescribed by the court. No child support was awarded. Husband was directed to provide health insurance coverage for the children under a health benefit plan through his employer or union and was declared "liable for one-half of any uncovered medical or dental costs."

Marital property was identified and divided between husband and wife. The judgment identified and set over nonmarital property to each spouse.

The trial court held with respect to the assets and earnings of the trust:

> The assets and earnings from the assets of the [CMMIT] of November 25, 1984, have been continuously titled in and remain the property of a separate entity, i.e., [t]he [CMMIT] of November 25, 1984. Unless and until such time as those assets are severed from the trust by virtue of a distribution from the trust to [husband] individually, the trust assets remain the separate property of the [CMMIT] of November 25, 1984.

It declared:

> The [CMMIT] of November 25, 1984, and the assets owned by said Trust are found to be non-marital and to the ex-

1. As evidenced, *infra,* the designation of the trust as "irrevocable" is not altogether accurate due to its terms that would permit early termination by the settlor.

2. The 837 acres consist of four tracts, the "Hulshof Tract," the "Haywood City Tract," the "Wylie Tract," and "Tract 8." The Haywood City Tract was sold for $60,000 in 1996.

tent [husband] has a residual interest or future expectancy as Beneficiary of said Trust, said contingent interest is awarded to [husband] as non-marital. Said non-marital asset has a value of approximately $1,682,106.00.

Wife presents one point on appeal. She contends the trial court erred in finding that all assets of CMMIT were nonmarital property and in setting aside the trust and all its assets to husband. She argues that this was an erroneous declaration and misapplication of law; that husband's beneficial interest in the trust was subject to division under § 452.330 [3] because his interest in the trust was tantamount to full ownership of the trust property.

In a dissolution of marriage proceeding, a trial court is required to "set apart to each spouse such spouse's nonmarital property and shall divide the marital property and marital debts...." § 452.330.1. Marital property is:

(1) Property acquired by gift, bequest, devise, or descent;

(2) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise, or descent;

(3) Property acquired by a spouse after a decree of legal separation;

(4) Property excluded by valid written agreement of the parties; and

(5) The increase in value of property acquired prior to the marriage or pursuant to subdivisions (1) to (4) of this subdivision, unless marital assets including labor, have contributed to such increases and then only to the extent of such contributions.

§ 452.330.2.

Wife contends husband's interest as sole grantor-beneficiary with the power of revocation was tantamount to ownership of the trust assets outright; that a significant part of the trust property is marital property that was subject to division and distribution in the dissolution of marriage proceeding. She argues that because of the trial court's erroneous determination to the contrary, the distribution of marital property was inequitable.

This court's review is undertaken pursuant to Rule 73.01(c). The judgment will be affirmed unless there is no substantial evidence to support it, the judgment is against the weight of the evidence, or the judgment erroneously declares or applies the law. *Robertson v. Robertson,* 3 S.W.3d 383, 384 (Mo.App.1999).

In considering the nature of property that is held in trust, the function and methodology of trusts must be considered.

The fundamental nature of a trust is the division of title; the trustee being the holder of legal title and the beneficiary that of equitable title. *Farris v. Boyke,* 936 S.W.2d 197, 200[4] (Mo.App. 1996); *McDaniel Title Co. v. Lemons,* 626 S.W.2d 686, 690[4] (Mo.App.1981). Moreover equitable interests can vest in the same fashion as legal interests. *Lehmann v. Janes,* 409 S.W.2d 647, 655 (Mo.1966); *Hereford [v. Unknown Heirs],* 365 Mo. 1048, 292 S.W.2d [289] at 294 [(Mo.banc 1956)]. The legal title can vest in the trustee, while simultaneously, the equitable title can vest in the beneficiary. *Lehmann,* 409 S.W.2d at 655–56; *Hereford,* 292 S.W.2d at 294. A vested equitable estate in fee can be alienable, i.e., in the absence of provisions prohibiting alienation, or can be passed through inheritance. *See Lehmann,* 409 S.W.2d at 655; *Jarboe v. Hey,* 122 Mo. 341, 26 S.W. 968, 969

(1894) (recognizing existence of equitable fees); *Bredell, et al. v. Collier, et. al.*, 40 Mo. 287 (1867); *Lich v. Lich*, 158 Mo.App. 400, 138 S.W. 558, 562 (1911). Once the trust terminates, the legal title, which was vested in the trustee, then vests in the equitable title holder, the two titles merge, and the equitable title holder becomes the owner of a full fee interest. *Lehmann*, 409 S.W.2d at 655. *Mercantile Trust Co., N.A. v. Hardie*, 39 S.W.3d 907, 913 (Mo.App.2001).[4]

The issue on which this appeal turns is the terms of the CMMIT instrument that gave husband authority to terminate the trust upon his attaining age 35. This occurred March 13, 1998, during the marriage. The judgment dissolving the marriage was entered November 27, 2001.

The parties have cited no authority to this court in which this issue has been addressed in Missouri, nor has this court's independent research disclosed Missouri cases or statutes that resolve the question presented. The issue is discussed, however, in *Divorce, Separation and the Distribution of Property*, J. Thomas Oldham 2002 § 8.05[2][b] (1987). Oldham suggests, "Most cases that have arisen to date suggest that trust monies will only be deemed 'acquired' during marriage if the spouse received the money, or had a right to demand receipt of the money, before divorce." *Id.* Cases from other jurisdictions support Oldham's statement.

In *Matter of the Marriage of Burns*, 573 S.W.2d 555 (Tex.Civ.App.1978), the husband was beneficiary of six trusts at the time his marriage was dissolved. He was grantor of three of the trusts. His parents and grandparents created the others. He was not a trustee of any of the trusts. One of the trusts provided for distribution

of corpus and income to husband on May 28, 1982. The others were "discretionary trusts" or "spendthrift trusts" (or both).

Texas is a community property state. The applicable statute provided that community property consisted of "the property, other than separate property, acquired by either spouse during marriage." *Burns*, 573 S.W.2d at 557. In *Burns*, the wife sought a determination that trust income was community property. The trial court held, under the terms of the trusts, the income was separate property. That determination was affirmed because the income had not been distributed to the husband during the marriage, nor did he have the right to require distribution of the income. The court based its decision on the fact that "neither spouse actually or constructively acquired the undistributed trust and estate income during the marriage." *Id.* *Burns* differs from this case in that the husband in *Burns* had no control over the distribution of trust assets that produced the income the wife sought to have declared community property.

*Matter of the Marriage of Long*, 542 S.W.2d 712 (Tex.Civ.App.1976), reached a different result due to the husband being entitled to possession of trust assets during the marriage. In that case, the parties married June 26, 1969. Their marriage was dissolved October 7, 1975. Prior to the marriage, the husband's parents established a trust that provided for distribution of one-half the corpus to him when he reached 25 years of age. The remaining one-half would be distributed to him and the trust would terminate when he reached age 30. The husband reached age 25 August 14, 1974, during the parties' marriage. He elected not to seek distribution of the

---

**4.** Although *Mercantile Trust* speaks in terms of real estate that is held in trust, the same principles apply to personal property held in

trust. *State ex rel. Cooper v. Cloyd*, 461 S.W.2d 833, 838 (Mo.banc 1971); *Lich*, 138 S.W. at 562.

one-half of the corpus that he could have received at that time. His wife argued that the income on the trust funds was community property. The court held that income earned on the one-half of the trust corpus the husband could have receive at age 25 from the date he attained age 25 until the date of the dissolution of the parties' marriage was community property.

In *Solomon v. Solomon*, 531 Pa. 113, 611 A.2d 686 (1992), the wife was beneficiary of a trust created by her father. By the terms of the trust, she could withdraw one-half of the trust corpus at age 35. She could withdraw the remaining one-half and terminate the trust when she attained age 40. The wife reached age 35 during the marriage. The parties' marriage had been dissolved by the time she was 40.

The applicable Pennsylvania statute was similar to § 452.330.2. It defined marital property as all property acquired by either party during the marriage with certain exceptions. *Solomon*, 611 A.2d at 688 n. 4. *Solomon* held that the increase in value of a spouse's separate property was marital property, 611 A.2d at 690, and income from that property was marital property, 611 A.2d at 690 n. 9. The income earned on one-half the corpus from the time wife acquired a right to possess it at age 35 was declared to be marital property. 611 A.2d at 690.

■ This court finds the reasoning in *Burns*, *Long* and *Solomon* persuasive. The respective state statutes regarding what is community property in Texas and what is marital property in Pennsylvania with respect to increases on one party's separate property are similar to § 452.330.2. Income received from non-marital property subsequent to marriage is marital property in Missouri. *In re Marriage of Box*, 968 S.W.2d 161, 164 (Mo.App. 1998).

Here, husband had the right to terminate his trust when he attained age 35. This court holds husband constructively received the trust assets at that time. The trial court erred in not classifying the income the trust generated from that date until the date of the dissolution of the parties' marriage as marital property.

■ Furthermore, the evidence was that three payments of $89,417.69 each were made on indebtedness on real estate held by the trust following husband attaining age 35 in 1998 and before the dissolution in 2001. Thus, marital property may have contributed to any increase in the value of trust assets from 1998 to the date of the dissolution of the marriage in 2001. Increases in non-marital property during a marriage as a result of payments with marital funds are marital property. § 452.330.2(5). The trial court erred in not considering whether any increase in value to that property would be marital property. "Under the 'source of funds' rule applied in Missouri, property is considered to be acquired as it is paid for, and incremental property values are allocated proportionately to either marital or non-marital estates according to the source of funds used to purchase or improve the property." *Alexander v. Alexander*, 956 S.W.2d 957, 961 (Mo.App.1997).

In reaching its conclusion, this court considered the cases relied on by husband in contending no error occurred in the trial court's classification of marital and non-marital property. The cases, however, are inapplicable to the facts in this case. *Hoffmann v. Hoffmann*, 676 S.W.2d 817 (Mo. banc 1984), involved stock in a closely held corporation acquired by the husband prior to marriage. However, the husband was not a controlling shareholder and could not unilaterally declare or withhold dividends.

In *Williams v. Frisbee*, 419 S.W.2d 99 (Mo. banc 1967), an attempt at garnishment of a trust's assets to satisfy a benefi-

ciary's debts was denied due to spendthrift provisions in the trust. The court concluded the assets could not be reached to satisfy the beneficiary's indebtedness absent actual distribution of those assets. Those are not the facts in this case.

Similarly, in *State ex rel. Nixon v. Turpin*, 994 S.W.2d 53 (Mo.App.1999), and *Tidrow v. Director, Missouri State Division of Family Services*, 688 S.W.2d 9 (Mo.App.1985), assets of trusts were not "available" for a beneficiary's care (*Tidrow*) or to provide reimbursement for incarceration costs (*Turpin*) because the beneficiary had no control over their disbursement. In this case, upon attaining age 35 husband controlled whether trust assets would be distributed free of the trust.

 "The trial court in a dissolution proceeding is not required to make an equal distribution of the marital property." *In re Marriage of Rickard*, 818 S.W.2d 711, 719 (Mo.App.1991). The distribution is required, however, to be fair and equitable. *Id.* In this case, the value of the trust property is such that it could materially affect the equitable distribution of marital property. The part of the judgment classifying marital property and nonmarital property and the distribution thereof is reversed. In all other respects the judgment is affirmed. The case is remanded for the trial court to classify marital and nonmarital property in a manner that is consistent with this opinion and to then distribute the marital property between the parties. The trial court may, in its discretion, permit additional evidence to be presented on remand.

PREWITT, P.J., and SHRUM, J., concur.