REL: January 12, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

### CL-2023-0288

_____

**Sharon Smith Gartrell**

**v.**

**Edward Conant Gartrell, Jr.**

**Appeal from Madison Circuit Court**
**(DR-21-900713)**

MOORE, Judge.

Sharon Smith Gartrell ("the wife") appeals from a judgment entered by the Madison Circuit Court ("the trial court") divorcing her from Edward Conant Gartrell, Jr. ("the husband").  We affirm the judgment in part, reverse it in part, and remand the case with instructions to the trial court.

Background

The parties married in 1998 and separated in July or August 2021. On August 24, 2021, the wife filed a complaint for a divorce. On September 24, 2021, the husband answered the complaint and filed a counterclaim for a divorce. At the trial on January 3, 2023, the wife sought, among other things, an award of periodic alimony and an equitable division of the marital property, which, she claimed, included the property held by the Gartrell Family Express Trust ("the trust"), a testamentary trust established for the benefit of the husband by his mother when she died in 2014. The parties presented competing evidence as to whether the husband had regularly used the corpus and income from the trust for the common benefit of the parties during the marriage. The parties also disputed whether the proceeds of the trust could be used by the husband to pay periodic alimony.

On March 9, 2023, the trial court entered a final judgment that, among other things, declared the husband's interest in the trust to be the separate property of the husband, divided the marital property without including the trust property, and declined to award the wife periodic

alimony. In the judgment, the trial court set forth the following reasons for denying the wife periodic alimony:

> "Neither party in this case is employed and neither has significant income. [The wife] contends that [the husband]'s access to income from [the trust], which was funded by [the husband]'s mother and in which [the wife] has no legal interest, is a source available to [the husband] for payment of her requested alimony. That contention can be justified only if [the trust], or income therefrom, was 'used regularly for the common benefit of the parties during the marriage.' Ala. Code [1975, §] 30-2-51 .... The requirement of 'regular use' is not established by the evidence herein. See, e.g., Ratliff v. Ratliff, 5 So. 3d 570 (Ala. Civ. App. 2008). Accordingly, [the wife]'s request for alimony is DENIED."

(Capitalization in original.) On April 6, 2023, the wife filed a postjudgment motion seeking to alter or amend the judgment. The trial court denied that motion on April 11, 2023. The wife filed a notice of appeal to this court on May 3, 2023.

## Issues

The wife argues that the trial court erred in declining to award her periodic alimony, in failing to reserve the right to award her periodic alimony in the future, in determining that the husband's interest in the trust was the separate property of the husband, and in failing to equitably divide the marital property. However, to properly dispose of

3

the appeal, we need only consider whether the evidence supports the determination that the trust property and income were the separate property of the husband and whether the trial court erred in declining to award the wife periodic alimony. We therefore pretermit discussion of the other issues.

Standard of Review

As to the trial court's determination that the trust property and income were the separate property of the husband, we review the judgment to determine whether the trial court abused its discretion. See Morgan v. Morgan, 322 So. 3d 531, 537 (Ala. Civ. App. 2020). In determining whether the trial court abused its discretion, we presume the correctness of the findings of fact in the judgment, which were based on ore tenus evidence, and we will disturb the judgment only if it is plainly and palpably wrong. Id. at 537-38.

As to whether the trial court erred in declining to award the wife periodic alimony, the wife primarily argues that the trial court erred as a matter of law by applying Ala. Code 1975, § 30-2-51, to determine that the income from the trust could not be considered as a source for paying periodic alimony. That argument presents a question of law. We review

4

questions of law de novo, without affording any presumption of correctness to the trial court's decision. Rose v. Rose, 70 So. 3d 429, 431 (Ala. Civ. App. 2011).

Property Division

Section 30-2-51(a), Ala. Code 1975, provides:

"If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family. Notwithstanding the foregoing, the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage."

In this case, the wife argues that pursuant to § 30-2-51(a), the corpus of the trust and the income received by the husband as the beneficiary of the trust should be classified as marital property because, she argues, both were used regularly for the common benefit of the parties during the marriage.

In a part of the judgment labeled "Separate Estate," the trial court found that "[the husband]'s interest in [the trust] constitutes his separate estate, and [the wife] is entitled to no interest therein." In the

immediately preceding section, labeled "Alimony," the trial court applied § 30-2-51(a) to determine that the trust property and the trust income could not be considered a source of income for periodic-alimony purposes. Reading those two sections of the judgment together, it is apparent that the trial court determined that the husband's interests in the corpus and in the income of the trust were his separate property because neither were regularly used for the common benefit of the parties during the marriage. We do not completely agree with the analysis employed by the trial court, but we agree with the trial court's conclusion that the trust property and the trust income were not subject to equitable division.

Section 30-2-51(a) applies only to "property acquired" by a spouse. We have not been directed to any Alabama caselaw defining that term, but, for the purposes of equitable distribution, that term refers to property to which a spouse has obtained a right to legal ownership. See Brett R. Turner, 1 Equitable Distribution of Property § 5:21 (4th ed. 2023). "Property that is owned by third parties was not acquired by the parties ...." Id. at § 5:14. Generally, the assets of an irrevocable trust are considered the property of a third party. 2 Equitable Distribution of Property at § 6:94. As a beneficiary of a trust, a person does not acquire

6

the assets of the trust. See Ex parte Boykin, 656 So. 2d 821, 826 (Ala. Civ. App. 1994). As the husband argues, the corpus of the trust could not be classified as marital property so long as it remained within the legal ownership of the trust. See 2 Equitable Distribution of Property § 6:94. The wife did not argue for dissolution of the trust, and none of the assets of the trust were ever distributed to the husband, so the trust assets remained the property of a third party and, thus, were not subject to equitable division. As a beneficiary, the husband maintained only an interest in the corpus of the trust, which, because it was bestowed solely upon him by gift or inheritance, was properly considered his separate property. Id. at § 6:94. Despite the wife's argument to the contrary, the family's use of a truck that was owned by the trust, even if the use was regular, would not transform the corpus of the trust into marital property.

As opposed to the corpus of a trust, income received by a beneficiary from a trust may be treated as marital property once the beneficiary obtains a vested interest in the income. See Id. at § 6:94 n.22. At the point the income becomes payable, the beneficiary has "acquired" the income because the beneficiary has a legal right to payment. See Moore

7

v. Moore, 111 S.W.3d 530, 535 (Mo. Ct. App. 2003). Assuming, without deciding, that income received from a testamentary trust can be classified as property acquired by gift or inheritance even though the income is realized after the original transaction, that income would be divisible as marital property only if it was used regularly for the common benefit of the parties during the marriage.

The wife primarily relies on evidence indicating that the husband deposited trust income into his personal bank account throughout 2020 and 2021. The wife maintains that, because the husband used his personal bank account to pay the marital living expenses, the deposits proved that the husband had regularly used the trust income for the common benefit of the parties. The husband testified that, before 2020, he had deposited the trust income into a trust account maintained by Morgan Stanley. During the COVID-19 pandemic, he lost access to that account so, he said, he deposited the trust income into his personal bank account. The husband denied that any distributions of trust income had ever been used to pay for the marital living expenses, and the wife admitted that she had no evidence indicating that any distributions had been used to pay for marital debts or to purchase marital assets.

8

The wife also references the purchase of a recreational vehicle that the husband purchased using trust income. The parties used the recreational vehicle to attend football games and to visit Lake Guntersville before selling it. Other than the recreational vehicle, the husband made no other purchases using trust income during the marriage. The husband testified that he had routinely returned any distributions into the trust account for reinvestment to build up the account. The lone purchase of the recreational vehicle is not sufficient to prove a regular use of trust income as required by § 30-2-51(a). See Ratliff v. Ratliff, 5 So. 3d 570, 582 (Ala. Civ. App. 2008) (citing Bushnell v. Bushnell, 713 So. 2d 962, 964 (Ala. Civ. App. 1997)) (interpreting the word "regularly" as used in § 30-2-51(a), Ala. Code 1975, to mean frequent or periodic use of the property to satisfy needs of the family); see also Hull v. Hull, 887 So. 2d 904, 908 (Ala. Civ. App. 2003) (holding that a one-time use of property for the common benefit of the parties cannot be considered "regular").

Periodic Alimony

Section 30-2-51(a) formerly governed awards of both property and periodic alimony in divorce actions. See Nichols v. Nichols, 824 So. 2d

797 (Ala. Civ. App. 2001) (applying § 30-2-51(a) in a property-division case); Shewbart v. Shewbart, 64 So. 3d 1080, 1088 (Ala. Civ. App. 2010) (applying § 30-2-51(a) to explain how to analyze a periodic-alimony claim). We have not been referred to any case holding that the corpus of a trust or trust income cannot be considered a source from which periodic alimony may be paid pursuant to § 30-2-51(a), but we find no need to reach that issue.

In 2017, the Alabama legislature enacted a new law, now codified at Ala. Code 1975, § 30-2-57, that governs the determination of claims for periodic alimony in divorce actions commenced on or after January 1, 2018. See Ala. Acts 2017, Act No. 2017-164, § 3; Merrick v. Merrick, 352 So. 3d 770, 773 (Ala. Civ. App. 2021) (stating that "[t]he issue of alimony in the present case is governed by Ala. Code 1975, § 30-2-57").

Section 30-2-57(e) provides, in pertinent part, that,

> "in determining whether the other party has the ability to pay alimony, the court shall consider any and all evidence, including all of the following:
>
>> "(1) His or her own individual assets, except those assets protected from use for the payment of alimony by federal law."

(Emphasis added.) By its plain language, § 30-2-57(e) indicates that the individual assets of the payor spouse shall be considered as a source from which periodic alimony can be paid unless the assets are protected by federal law. Section 30-2-57 does not provide that assets inherited by a payor spouse may be considered a source for the payment of periodic alimony only when those assets have been regularly used for the common benefit of the parties during the marriage. "When the legislature uses language that is plain and unambiguous, there is no room for judicial construction; instead, the statute should be applied as written." J.L.M. v. S.A.K., 18 So. 3d 384, 388 (Ala. Civ. App. 2008).

The legislature did not repeal § 30-2-51(a) when it enacted § 30-2-57, and we find no inconsistency between the two statutes. Section 30-2-51(a) still governs property division. When dividing marital property, a trial court still may not consider property inherited by a spouse unless that property "has been used regularly for the common benefit of the parties during their marriage." § 30-2-51(a); see, e.g., Burkett v. Burkett, 367 So. 3d 409, 422 (Ala. Civ. App. 2022). Section 30-2-51(a) remains effective, but it does not govern determinations of claims for periodic alimony, which are now governed by § 30-2-57, a separate statute. See

11

Samayamanthula v. Patchipulusu, 338 So. 3d 787, 796 (Ala Civ. App. 2021) (noting that § 30-2-51(a) controls property division while § 30-2-57 controls claims for periodic alimony).

In the judgment, the trial court specifically expressed that the income from the trust would not be considered as a source for periodic alimony because the wife did not prove that the husband had regularly used his income from the trust for the common benefit of the parties as required by § 30-2-51(a). The trial court erred in applying § 30-2-51(a) when denying the wife's claim for periodic alimony. That error was not a mere scrivener's error, as the husband maintains, but was a substantive error that prejudiced the wife and one that only reversal of the judgment can cure. The evidence showed that the trust held assets worth approximately $1,600,000 and consistently generated income, including a gross income of approximately $50,000 in 2021. If the trial court had considered that income as a source from which periodic alimony could be paid, the trial court may have reached a different determination regarding the periodic-alimony claim.

## Conclusion

For the foregoing reasons, we affirm the judgment insofar as it determined that the trust property and the trust income were not subject to equitable division. We reverse the judgment insofar as it denied the wife's request for periodic alimony, and we remand the case with instructions for the trial court to vacate the portion of the judgment adjudicating the claim for periodic alimony and to reconsider that claim without applying § 30-2-51(a). We recognize that the husband asserted in the trial court reasons other than the ones discussed in this opinion why the trust should not be considered a source from which to pay periodic alimony. On remand, the trial court may consider those reasons in ruling on the wife's periodic-alimony claim. Because "property-division and alimony awards are considered to be interrelated, we often reverse both aspects of the trial court's judgment so that it may consider the entire award again upon remand." Redden v. Redden, 44 So. 3d 508, 513 (Ala. Civ. App. 2009). Accordingly, we also reverse the judgment with respect to the property-division award so that the trial court can reconsider it along with the wife's claim for periodic alimony.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

Thompson, P.J., and Edwards, Hanson, and Fridy, JJ., concur.